UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-cv-04995-VAP-PLAx | Date | November 10, 2021 |
|---|---|---|---|
| Title | *Mario Samodio-Rodriguez v. Walmart Inc., et al* | | |

Present: The Honorable   VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE

| CHRISTINE CHUNG | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff: | Attorney(s) Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   MINUTE ORDER DENYING MOTION [DKT. 25] (IN CHAMBERS)

Before the Court is Plaintiff Maria Samodio-Rodriguez's ("Plaintiff") Motion for Leave to File First Amended Complaint and Remand Action to State Court ("Motion"). (Dkt. 25).

The Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15. The Court **DENIES** the Motion.

## I. BACKGROUND

This case concerns an alleged slip-and-fall incident that occurred at a Walmart store in Rosemead, California. Plaintiff allegedly slipped and fell on water that was left on the floor of the store. (Motion, at 5). Plaintiff filed suit in Los Angeles County Superior Court (Case No: 20STCV45824) against Defendant Walmart and Does 1-100. (*Id*.; *see* Dkt. 1-3). On June 18, 2021, Defendant removed this action to federal court based on diversity jurisdiction. (Dkt. 1).

Plaintiff now asks the Court for leave to file a First Amended Complaint naming the Walmart store manager, Edward Ramirez, and Walmart asset protection manager, Belinda Morales, as defendants for their alleged failure to "ensur[e] that Walmart's floors were free of any hazardous conditions at all times." (Motion, at 6). Plaintiff alleges she did not know the identity of these employees when she filed the Complaint. (*Id.*). Plaintiff further requests that the Court remand the case to state court because Ramirez and Morales are both California citizens and joining them as parties would defeat diversity jurisdiction. (*Id.* at 7).

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1447(e), "[w]hen a plaintiff tries to join more defendants after removal, and that joinder would destroy subject matter jurisdiction, a court may deny joinder, or allow it and remand the case." *Munoz v. Walmart Inc.*, No. 2:19-CV-08333-ODW (JPRx), 2020 WL 91499, at *1 (C.D. Cal. Jan. 8, 2020).

Courts often apply the six-factor test articulated in *IBC Aviation* to decide whether to allow a plaintiff to add a non-diverse defendant. The six factors are: "(1) whether party to be joined is needed for just adjudication and would have to be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." *Munoz,* 2020 WL 91499, at *1 (citing *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000)). "A court need not consider all the issues, as any factor can be decisive, and no one of them is a necessary condition for joinder." *Id.* (citation omitted).

## III.   DISCUSSION

The Court applies the *IBC Aviation* test to determine whether Plaintiff should be granted leave to amend her complaint.

### A. Federal Rule of Civil Procedure 19

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *IBC Aviation Servs.*, 125 F. Supp. 2d at 1011 (citing Fed.R.Civ.P. 19(a)). "Courts disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief." *Id.* at 1012.

The Court finds a decision from a court in this District, *Munoz v. Walmart, Inc.*, to be particularly instructive. In *Munoz,* a plaintiff suing Walmart in a slip-and-fall case sought leave to amend her complaint to add the store manager as a party. 2020 WL 91499, at *1. Just as in the present case, Plaintiff argued that joining the store manager as a party would defeat diversity jurisdiction, and therefore Plaintiff requested the case be remanded on that basis. *(Id.).*

In analyzing the Rule 19 prong of the *IBC Aviation* test, the *Munoz* court held that the store manager was not a necessary party because Walmart would still ultimately be liable for money damages under the doctrine of respondeat superior. (*Id.* at 2). As the *Munoz* court explained, many other cases also hold that it is unnecessary to join individual employees of an employer defendant when the doctrine of respondeat superior applies. *See id.* at 2 (citing *Fonseca v. Wal Mart Assocs., Inc.*, No. ED-CV-19821-JGB (KKx), 2019 WL 2903960, at *2 (C.D. Cal. July 5, 2019); *King v. Soexo, Inc.*, No. 2:16-CV-03076-ODW (RAOx), 2016 WL 4161095, at *3 (C.D. Cal. Aug. 5, 2016)).

The Court agrees with these precedents: Ramirez and Morales are not necessary parties under Rule 19. As Defendant Walmart notes, "any recovery by Plaintiff against the conduct or non-conduct of its employees [Ramirez and Morales] will be imputed to Walmart under respondeat superior . . . ." (Opposition, "Opp'n," Dkt. 26, at 5-6). Accordingly, this factor does not support allowing Plaintiff to amend her complaint.

### B. Statute of Limitations

Plaintiff alleges she cannot bring separate state actions against Ramirez and Morales because she is barred by the California two-year statute of limitations for personal injury claims. (Motion, at 10). As discussed *supra,* however, Ramirez and Morales are not necessary parties for Plaintiff's claim.

Therefore, this factor does not support granting leave to amend. *See Munoz*, 2020 WL 91499, at *2.

### C. Delay in Bringing this Motion

Although Defendant removed this case to federal court almost five months ago (on June 18, 2021), Plaintiff asserts they did not delay in bringing this Motion because they only recently found out the identities of Ramirez and Morales. The Court agrees that Plaintiff did not delay in bringing this Motion.

The record shows that Plaintiff served written discovery on Defendant on May 10, 2021. (Motion, at 11). Before Defendant responded, Defendant removed the case to this Court. (*Id.*). Accordingly, Plaintiff was prevented from finding out the identities of Ramirez and Morales until recently. (*Id.*). Plaintiff has therefore provided a reasonable explanation for why she is bringing this Motion now, contrary to Defendant's claim that "Plaintiff provides absolutely no explanation why joinder is being sought now." (Opp'n, at 6). The Court finds that this factor weighs in favor of granting leave to amend.

### D. Intent of Joinder

"Courts routinely exercise their discretion to deny joinder when it appears that the plaintiff's sole motivation for joining a defendant is to defeat diversity jurisdiction and avoid resolution of the case in federal court." *Munoz*, 2020 WL 91499, at *3.

Here, Plaintiff "has nothing to gain from joining Defendant[s]," because as discussed *supra*, she can fully recover on her claims from Defendant Walmart. *Calderon v. Lowe's Home Centers, LLC*, No. 2:15-CV-01140-ODW, 2015 WL 3889289, at *5 (C.D. Cal. June 24, 2015). It appears, therefore, that "no cause of action is stated against the nondiverse defendant[s]," and Plaintiff's sole motivation for joinder may be to defeat diversity. *Id*. This factor weighs against granting leave to amend.

### E. Validity of Claim Against New Defendants

Much like in the previous analysis, "[c]ourts consider whether the claim to be added seems meritorious." *Calderon*, 2015 WL 3889289, at *6 (citation

omitted).  A claim that would defeat diversity jurisdiction cannot be sustained where it "fails to state a cause of action against a resident defendant . . . . "  *Id.* (citing *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987).

For the reasons discussed *supra*, no valid cause of action has been stated against Morales and Ramirez.  Although Plaintiff argues that "[Ramirez and Morales] were responsible for ensuring that the store was free of any dangerous conditions," and that they failed to do so on the day in question, this is all conduct that falls within the scope of their employment.  (Motion, at 14).  Any negligence on behalf of Ramirez and Morales would clearly be imputed to Walmart.  *See Calderon*, 2015 WL 3889289, at *6 (C.D. Cal. June 24, 2015) (holding that "[a]bsent any specific facts that [Defendant's] individual conduct was for his own benefit or personal advantage, he cannot be held personally liable for Plaintiff's alleged injuries" under the doctrine of respondeat superior).

Moreover, although Plaintiff points out that Defendant Walmart has raised affirmative defenses based on the "acts/omissions" of other defendants or unknown parties, there are no allegations pertaining to Morales or Ramirez for which Walmart could escape liability.  (Motion, at 13).  Therefore, "[b]ecause Plaintiff cannot assert claims against [Defendants] as an individual," this factor weighs against granting leave to amend.  See *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 608 (S.D. Cal. 2014) (holding that "Plaintiff's [complaint] includes no allegations to support a cause of action against [Defendants] in their individual capacities" and therefore denying joinder).

### F.  Prejudice to Plaintiff

As discussed, Plaintiff will experience no prejudice from being denied joinder of the employee defendants because they are not necessary for Plaintiff to recover on her claims.

## IV.  CONCLUSION

Plaintiff's Motion for Leave to File a First Amended Complaint is **DENIED**. Plaintiff's Motion to Remand for lack of diversity jurisdiction is also **DENIED** as moot.

**IT IS SO ORDERED.**